IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY ALLEN BLAIR,

    Plaintiff,                                    No. 2:11-cv-2424 KJN P

    vs.

ADAM RYAN, RYAN LEGAL OFFICES,

    Defendants.                         FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a pretrial detainee proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

        Plaintiff alleges professional negligence and legal malpractice claims against Adam Ryan, Ryan Legal Offices, who appears to be representing plaintiff in a presently-pending criminal case in Shasta County.

        Plaintiff's claims are not cognizable.  Plaintiff's allegations against defendant Ryan fail to state a claim for relief under § 1983 because attorneys in private practice are private individuals and do not act under color of state law.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).  Public defenders are also private individuals for purposes of 42 U.S.C. § 1983 and therefore do not act under color of state law.  Polk County v. Dodson, 454 U.S. 312, 325 (1981); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003).  Moreover, this court does not have jurisdiction to review a legal malpractice claim. Polk County, 454 U.S. at 325.  No independent basis of federal jurisdiction for legal malpractice claims exists.  See Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir. 1985) ("Without a federal claim upon which to append the related state cause of action, the federal court has no basis for asserting jurisdiction over Aragon's malpractice claim."  Finally,

1  federal courts cannot interfere with pending state criminal proceedings, absent extraordinary

2  circumstances.  Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Thus, plaintiff's complaint should

3  be dismissed for failure to state a claim.

4        In accordance with the above, IT IS HEREBY ORDERED that:

5      1. The Clerk of the Court is directed to assign a district judge to this case; and

6      2. Plaintiff's request for leave to proceed in forma pauperis is granted;[1] and

7      IT IS RECOMMENDED that this action be dismissed for failure to state a claim.

8      These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

10 one days after being served with these findings and recommendations, plaintiff may file written

11 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

12 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

13 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

14 F.2d 1153 (9th Cir. 1991).

15 DATED: September 20, 2011

18                         KENDALL J. NEWMAN
19                         UNITED STATES MAGISTRATE JUDGE

20 blai2424.56

---

[1] Because the complaint is dismissed without leave to amend, the court has not imposed the $350.00 filing fee.  Plaintiff is cautioned, however, that should he continue to attempt to litigate these noncognizable claims, the court will require payment of the $350.00 filing fee.  28 U.S.C. §§ 1914(a), 1915(b)(1).